**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                        Case No. 10-20235

ALBERT J. HUFF,                                       HONORABLE DENISE PAGE HOOD

      Defendant.

_____/

**ORDER GRANTING MOTION TO TERMINATE/WITHDRAW COUNSEL**
**and**
**ORDER SETTING STATUS CONFERENCE DATE WITH NEW COUNSEL**

This matter is before the Court on Attorney Edward G. Taylor's request to withdraw from representation of the defendant Albert J. Huff. The Government does not object to the request. A hearing was held on the matter. Defendant Huff did not appear at the hearing.

Defendant Huff was indicted on October 12, 2010 for conspiracy to distribute and to possess with intent to distribute more than five kilograms of a controlled substance, two counts of distribution of a controlled substance, aiding/abetting the distribution of a controlled substance and unlawful use of a communication facility. Defendant Huff's counsel filed this motion to withdraw as counsel on May 6, 2011. Mr. Taylor claims circumstances have caused an irreparable breakdown in the attorney-client relationship which prevents him from providing adequate representation. Mr. Taylor also claims that Defendant Huff has failed to respond to any and all of defense counsel's several communication attempts regarding the upcoming deadlines in the case. Mr. Taylor states that Defendant Huff had phone contact with AUSA Terrence Haugabook without his permission.

1

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). Defendant's counsel, Edward G. Taylor, is not appointed, but rather, is retained counsel. The guarantee of the Sixth Amendment is applicable to both retained and appointed counsel and "would stand for little if the often uniformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection." *Cuyler v. Sullivan*, 446 U.S. 1708, 1716 (1980). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Thorpe v. United States*, 445 F. Supp. 2d 18, 22 (D.D.C. 2006). The Local Rules provide that an attorney, whether retained or appointed, making an appearance on behalf of a defendant continues to represent the defendant through an appeal unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich L.Cr.R. 57.1(a).

If an attorney makes an appearance on behalf of a criminal defendant that attorney cannot withdraw without approval of the Court. *United States v. Davis*, 373 F. Supp. 2d 788, 789 (E.D. Tenn. 2005). Mr. Taylor has appeared on behalf of Defendant Huff numerous times. In deciding whether or not to grant or deny counsel's motion to withdraw, the primary concern of the Court should be to ensure that the defendant's interest are not adversely affected by any withdrawal. *U.S. v. Heron*, 513 F. Supp. 2d 393, 394 (E.D. Pa. 2007). The Court must also consider the timeliness of the motion and whether the conflict between the defendant and his counsel is so great that it results in a lack of communication preventing an adequate defense. *United States v. Newell*, 584 F. Supp. 2d 201, 202 (D. Me. 2008). Such a conflict is more difficult to establish

when "the record shows that counsel has provided an adequate defense to-date and when client and counsel have engaged in productive communications in the past." *Id.* at 203.

For the reasons set forth on the record, the Court finds that there has been an irreparable breakdown of the attorney-client relationship between Defendant Huff and his current counsel. The Court grants Mr. Taylor's motion to withdraw as counsel. Defendant Huff must appear in person at the next scheduled matter, the pretrial conference, on July 22, 2011, 2:00 p.m., with or without new counsel.

Accordingly,

IT IS ORDERED that Attorney Edward G. Taylor's motion to Terminate/Withdraw as counsel for the Defendant Albert J. Huff (**No. 170, 5/6/11**) is GRANTED. Edward G. Taylor is terminated as counsel for the Defendant.

IT IS FURTHER ORDERED that Defendant Huff appear in person at the next scheduled matter, the pretrial conference, on **Friday, July 22, 2011, 2:00 p.m.**

**s/Denise Page Hood**
**Denise Page Hood**
**United States District Judge**

**Dated:  June 23, 2011**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2011, by electronic and/or ordinary mail.**

**s/LaShawn R. Saulsberry**
**Case Manager**