UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                                                    Case No. 10-20235

      **Plaintiff,**

                                                    HON. DENISE PAGE HOOD

**v.**

**LEHRUE WILLIAM FREEMAN-PAYNE (D-2),**

      **Defendant.**
_____/

**ORDER DENYING DEFENDANT LEHRUE FREEMAN-PAYNE'S
MOTION FOR JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL,
ORDER DENYING PRO SE MOTION TO SUPPLEMENT RECORD,
AND ORDER DENYING PRO SE MOTION FOR ENTRY OF DEFAULT**

**I.    BACKGROUND**

On August 13, 2013, a jury found Defendant Lehrue Freeman-Payne guilty of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (less than 500 grams), 21 U.S.C. §§ 841, 846(a)(1) (Count One) and guilty of Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count Two) of the Second Superseding Indictment. (Doc. Nos. 309, 383) On August 14, 2013, the jury found that the currency seized from Defendant's home in Sumpter Township, Michigan was not derived from the drug trafficking violation found in Count One. (Doc. No. 385)

On September 26, 2013, Freeman-Payne filed a Motion for Judgment of

Acquittal pursuant to Fed. R. Crim. P. Rule 29, or, in the alternative, a Motion for New Trial pursuant to Fed. R. Crim. P. Rule 33. This initial motion was filed by Freeman-Payne's trial counsel. On November 26, 2013, the Court allowed trial counsel to withdraw and new counsel was appointed to represent Freeman-Payne. New counsel was thereafter allowed to file a supplemental brief, which was filed on April 18, 2014. The Government filed its response brief on August 18, 2014 and Freeman-Payne filed a reply on September 8, 2014.

In addition to briefs filed by Freeman-Payne's counsel, *pro se* Motions to Supplement Pleadings and for Entry of Default were filed by Freeman-Payne. As this Court previously held in an order in this case, because Freeman-Payne is represented by counsel, the Court will not consider the *pro se* motions and briefs filed by Freeman-Payne, himself. *See,* Order, Doc. No. 425, 1/30/2015 (Denying *pro se* motions filed by Freeman-Payne.).

**II. ANALYSIS**

    **A. Motion for Judgment of Acquittal under Fed. R. Crim. P. 29**

        **1. Standard**

Freeman-Payne requests a judgment of acquittal under Fed. R. Crim. P. 29 based on insufficient evidence to support the guilty verdict in Count One, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (less than 500 grams). The

Government responds that the elements of the crime were proven beyond a reasonable doubt.

To support a motion for judgment of acquittal, the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Jackson*, 473 F.33d 660, 669 (6th Cir. 2007). The Court is bound to make all reasonable inferences and credibility choices in support of the jury's verdict. *Id*. at 669-70. The question is merely one of legal sufficiency; the court does not substitute its judgment for that of the jury, independently weigh the evidence, or judge the credibility of trial witnesses. *United States v. Ramirez,* 635 F.3d 249, 255-56 (6th Cir. 2011). There is a strong presumption in favor of sustaining a jury conviction. *United States v. Peters,* 15 F.3d 540, 544 (6th Cir. 1994).

### 2. Conspiracy to Distribute and Possess With Intent to Distribute (Less Than 500 Grams of Cocaine) (Count I)

The Government must establish beyond a reasonable doubt at trial the essential elements of a conspiracy under 21 U.S.C. § 846: 1) that there was an agreement to violate federal narcotics laws; 2) that the defendant had knowledge of and intent to

join the conspiracy; and, 3) that the defendant participated in the conspiracy. *See, United States v. Welch,* 97 F.3d 142, 148 (6th Cir. 1996). "A tacit or material understanding among parties to a conspiracy is sufficient to establish agreement." *United States v. Beals,* 698 F.3d 248, 259 (6th Cir. 2012). Circumstantial evidence may establish an agreement if a reasonable interpretation of the evidence is that a defendant participated in a common plan. *Id.* "Testimony by co-conspirators alone can be sufficient to prove the existence of a conspiracy." *United States v. Copeland,* 321 F.3d 582, 600 (6th Cir. 2003).

Freeman-Payne claims that the evidence at trial only shows he may be a drug user, not a participant of a conspiracy to distribute cocaine. Freeman-Payne asserts no drug ledgers were found at any of the houses associated with him; no marked money was found connected to him; no wiretap was introduced where he was heard to set up a sale; no surveillance occurred proving he sold or bought drugs; and the testimony at trial by co-conspirators Alexis Rodgers and Jose Rios do not establish conspiracy. Freeman-Payne asserts that the co-conspirators' testimonies are discredited because they testified only to obtain substantial sentence reductions.

The Government argues that there was sufficient evidence at trial to prove Freeman-Payne participated in the conspiracy to distribute cocaine. The Title III interceptions of Rios' phone calls between Rios and Freeman-Payne showed that Rios

told Freeman-Payne he was coming back with workers. Rios testified that when his truck was intercepted on April 25, 2010, he stated that the drugs found in the truck were intended for Freeman-Payne and that Freeman-Payne would buy the cocaine and find additional buyers for the cocaine. Rios testified that there were prior transactions with Freeman-Payne and Rodgers in December 2009 and in February 2010. Rios testified that he had followed Freeman-Payne to his relative's home in Detroit, Michigan where they kept and obtained cocaine from the home. The Government claims that Freeman-Payne was seen returning to the Detroit home on April 21, 2010 after a meeting with Rodgers. The Government asserts that Rodgers testified that he and Freeman-Payne were cocaine dealers and that each would supply the other.

The Government asserts that when search warrants were executed on April 26, 2010 on Freeman-Payne's Belleville, Michigan home, a loaded pistol grip shotgun was found in the bedroom closet, $30,900 in cash was found (although the jury found this cash was not drug money), a wallet, crack cocaine, packaging, marijuana and a scale. The Government claims that the agents found, after a search in a relative's home in Detroit, Michigan, powdered cocaine, a scale, cutting agent, and packaging.

Based on the evidence presented at trial, the Court finds that Freeman-Payne has not carried his heavy burden under Rule 29. After making all reasonable inferences and credibility findings to support the verdict, the Court concludes that the

5

jury's finding of guilt as to a conspiracy to distribute and possess with intent to deliver cocaine under 21 U.S.C. § 846 was based on legally sufficient evidence and testimony at trial. Freeman-Payne's argument that there was insufficient evidence presented at trial is not supported, in light of the testimonies of his co-conspirators Rios and Rodgers. *Copeland,* 321 F.3d at 600. Although Freeman-Payne argues that their testimonies are discredited because they entered into agreements with the Government, it was the jury's province to judge the credibility of the co-conspirators' testimonies. The jury had before it the evidence that the co-conspirators entered into agreements with the Government to testify against Freeman-Payne in exchange for lower sentences. The Court is not permitted to judge the credibility of the witnesses under Rule 29. *Ramirez,* 635 F.3d at 255-56.

The Court will not substitute its judgment for that of the jury, independently weigh the evidence, nor judge the credibility of trial witnesses. Any discrepancies in the co-conspirators' and the Agents/Officers' testimonies were vigorously cross-examined by defense counsel. The jury found Freeman-Payne guilty in spite of any discrepancies in the co-conspirators and the Agents/Officers' testimonies, finding that their testimonies were credible as to the conspiracy charge. The jury had the opportunity to consider the co-conspirators' statements and judge their credibility. It is noted that the jury found that Freeman-Payne possessed less than 500 grams and

further found that the currency found at his home was not from drug transactions. This shows that the jury was careful and thoughtful in its deliberations. The evidence at trial, viewed in the light most favorable to the Government, supports the jury's verdict that Freeman-Payne conspired and participated in the conspiracy to distribute and possess with intent to deliver cocaine, in an amount less than 500 grams as charged in Count One of the Indictment. *Caseer,* 399 F.3d at 839.

### 3. Use of a Communication Facility, 21 U.S.C. § 843(b)

Freeman-Payne only argues that if Count One is dismissed, then Count Two, the Use of a Communication Facility charge, should also be dismissed. To establish a violation of 21 U.S.C. § 843(b) charge, three elements must be proven beyond a reasonable doubt: 1) a knowing or intentional 2) use of a communication facility 3) to facilitate the commission of a drug offense. *United States v. Dotson*, 871 F.2d 1318, 1321 (6th Cir. 1989).

The jury found Freeman-Payne guilty of Count Two. Testimony at trial showed that during the monitoring of Rios' phones, Freeman-Payne's phone was identified amongst the calls on Rios' phones. Intercepted calls between Rios and Freeman-Payne were played before the jury. Viewing the evidence in the light most favorable to the Government, the Court finds that there was sufficient evidence before the jury that Freeman-Payne intended to use a telephone to facilitate the drug offense of

possessing and delivering cocaine.

### B. Motion for New Trial under Fed. R. Crim. P. 33

Alternatively, Freeman-Payne seeks a new trial under Rule 33, claiming that his conviction was against the great weight of evidence presented at trial. The Government responds that this is not an extraordinary circumstance and that the verdict was not against the great weight of the evidence at trial.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the district court may weigh the evidence and assess the credibility of the witnesses; "[i]t has often been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991).

Viewing the evidence as a "thirteenth juror," the Court finds that the jury's verdict was not against the manifest weight of the evidence presented at trial. There was evidence at trial that Freeman-Payne knew about the conspiracy to distribute cocaine with co-conspirators Rios and Rodgers. Cocaine, a scale and packaging materials were found at Brown's home and a relative's home where Rios had testified that he had delivered and retrieved cocaine. Rios testified that Freeman-Payne bought cocaine from him and that Freeman-Payne was finding buyers for the cocaine. Rodgers testified that he and Freeman-Payne were drug dealers and that they bought from each other. Freeman-Payne's alternative Motion for New Trial is denied since the verdict was supported by the evidence at trial.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Lehrue William Freeman-Payne's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 and alternative Motion for New Trial pursuant to Fed. R. Crim. P. 33 **(Doc. No. 398)** is DENIED.

IT IS FURTHER ORDERED that Defendant Lehrue William Freeman-Payne's *Pro Se* Motion to Supplement the Record **(Doc. No. 447)** is DENIED.

IT IS FURTHER ORDERED that Defendant Lehrue William Freeman-Payne's *Pro Se* Motion for Entry of Default **(Doc. No. 470)** is DENIED.

<pre>                         S/Denise Page Hood                        
                         Denise Page Hood
                         United States District Judge</pre>

Dated:  April 22, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2015, by electronic and/or ordinary mail.

<pre>                         S/LaShawn R. Saulsberry                   
                         Case Manager</pre>